IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DUSTIN BRYCE ROSONDICH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | No. 15-1107-JDT-egb |
| | ) | |
| CHESTER COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING REQUEST TO SEAL,
DENYING MOTION FOR EXTENSION OF TIME, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 8, 2015, Dustin Bryce Rosondich, acting *pro se*, filed a document titled "Praecipie for writ of habeas corpus," purportedly pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He paid the $5.00 habeas filing fee. (ECF No. 4.) The Court issued an order on November 19, 2015 requiring Petitioner to file, within thirty days, an amended habeas petition using the official form promulgated by the Administrative Office of the United States Courts. (ECF No. 6.) The Court stated that use of the form was necessary in order to review Petitioner's claims adequately. Petitioner was advised that he could move for an extension of time before the expiration of the thirty-day period and warned that if he failed to comply with the order in a timely manner the Court would dismiss the petition without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. (*Id.* at 1-2.)

On December 28, 2015, after the expiration of the thirty-day period for complying with the Court's order, Petitioner filed both a notice of change of address and a motion for extension of time. (ECF Nos. 7 & 8.) The documents are labeled "confidential" and "sealed" (ECF No. 9-1) and include the following request: "If you can seal each of these cases entirely instead of just sealing these documents only, please seal all cases entirely." (ECF No. 9.) However, there is a "strong presumption in favor of public access to judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). Petitioner has not explained why he believes sealing is necessary, and it does not appear to the Court that anything currently filed in this action warrants an order sealing any part of the docket. Therefore, the request to seal either specific documents in this case or the case as a whole is DENIED.

Petitioner stated in his notice of change of address that, "I am currently traveling and have no address." (ECF No. 7.) However, he also provided an address in Costa Rica where he could pick up mail but stated that it could take up to six weeks for him to receive it. (*Id.*) The motion for extension of time states merely, "[p]lease wait on this claim, I require more time because I need to amend it and vastly simplify it for the benefit of all including the court. I will update the court soon so this claim can move forward." (ECF No. 8.) However, nothing further has been filed.

The Court is not required to stay or delay this case indefinitely in order to accommodate Petitioner's desire to travel or move to a location where he cannot easily be

reached. Petitioner is not incarcerated, and he chose to file this case *pro se*. Therefore, it is his responsibility to ensure that he has an address where he can receive mail from the Court in a timely manner and that he can respond to the Court's orders promptly. Petitioner has failed to do so in this case.

It has now been more than three months since the Court ordered Petitioner to file an amended petition. The motion for an extension of time was filed outside the thirty-day period for responding to that order, and the Court finds that Petitioner has shown neither good cause nor excusable neglect that warrants any further extension. *See* Fed. R. Civ. P. 6(b)(1). Therefore, this case is hereby DISMISSED for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Pursuant to Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal by Petitioner would not be taken in good faith and DENIES leave to appeal *in forma pauperis*. Accordingly, if Petitioner files a notice of appeal, he must also pay the entire $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                 s/ **James D. Todd**  
                                                JAMES D. TODD  
                                                UNITED STATES DISTRICT JUDGE